**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John F. LILLY, II, Defendant–Appellant.**

No. 01–4144.

United States Court of Appeals, Sixth Circuit.

March 10, 2003.

Before MARTIN, Chief Judge; ROGERS, Circuit Judge; and EDMUNDS, District Judge.*

*ORDER*

John F. Lilly, II, appeals his judgment of conviction and sentence. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Lilly pleaded guilty to an information charging him with unlawful possession of a machine gun. He was sentenced to twenty-seven months of imprisonment to be followed by three years of supervised release.

In this timely appeal, Lilly's appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Lilly was notified of counsel's mo-

---

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

tion to withdraw, but he has not filed a response.

The *Anders* brief submitted by counsel reflects that counsel has reviewed the entire record and proceedings. Independent review of the record shows that counsel accurately submits that this case presents no colorable issue for appeal.

The district court properly accepted Lilly's valid guilty plea. A plea of guilty is valid if entered knowingly, voluntarily, and intelligently; its validity is determined under the totality of the circumstances. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of his plea. *Brady,* 397 U.S. at 755. The district court assured that Lilly understood the constitutional rights he was waiving, the statutory maximum sentence he faced, and the applicability of the Sentencing Guidelines. The district court explained that no specific sentence was guaranteed by the plea agreement. Fed. R.Crim.P. 11(c)(1), (c)(3), (c)(6). Finally, the court established that there was a factual basis for Lilly's plea.

The district court also properly sentenced Lilly. Lilly unsuccessfully objected to the probation officer's finding concerning the number of firearms he possessed. The sentencing judge determined that Lilly's other objections would have no bearing on his sentencing decision. Lilly's base offense level, an increase for the number of firearms, and reduction for acceptance of responsibility—and Lilly's criminal history category of II—rendered a guideline range of 27-to-33 months of imprisonment. The court imposed the minimum guidelines sentence and ordered that the sentence run concurrently with Lilly's state sentence.

Although Lilly sought a downward departure, arguing that his criminal history category was too high, the court denied a downward departure, and nothing indicates that the court mistakenly believed that it lacked the authority to depart downward.

Lastly, we have reviewed the record, and we conclude that no other nonfrivolous issue exists. Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.